[No. 3,543.]

## HIRAM TUBBS *v.* D. GHIRARDELLI ET AL.

JUDGMENT IN EJECTMENT.—A judgment for the plaintiff in ejectment raises the presumption that the defendant was shown to be in possession of the demanded premises at the commencement of the action.

FACTS WHICH SUPPORT JUDGMENT DEEMED FOUND.—Though actual findings appear in the record which are insufficient of themselves to support the judgment, yet other findings will be implied in favor of the party who recovers judgment, embracing every fact in issue not expressly found in favor of the party against whom judgment was rendered, or irreconcilable with the express finding.

PRESUMPTION IN FAVOR OF JUDGMENT IN EJECTMENT.—If the Court, in ejectment, finds that the defendant was not in actual occupation of the

demanded premises when suit was commenced, and still renders judgment for the plaintiff, it will be presumed, in support of the judgment, that the Court found that the defendant had such possession as would support ejectment.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

The plaintiff had judgment in ejectment, and the defendants appealed.

The other facts are stated in the opinion.

*Campbell, Fox & Campbell*, for Appellants.

The findings show that appellant Ghirardelli was not in the possession, or as it is called in the findings, the "occupation" of the premises at the time of the commencement of this suit. The term "occupation," as used in the findings, read with the context, is equivalent to "possession." (*Lawrence* v. *Fulton*, 19 Cal. 690.)

But ordinarily the expressions "occupation," "*possessio pedis*," "subjection to the will and control," are employed as synonymous terms, and as signifying "actual possession." (*Plume* v. *Seward*, 4 Cal. 94; *Jackson* v. *Schoonmaker*, 2 J. R. 234; *Bailey* v. *Irby*, 2 Nott & McCord, 343; *Jackson* v. *Woodruff*, 1 Cowen, 285; *Jackson* v. *Halstead*, 5 Cowen, 219.)

*McCullough & Boyd* and *E. B. & J. W. Mastick*, for Respondent.

The expression in the findings "and exercised acts of ownership over it, no one being in the actual possession of it," means that Ghirardelli was using and controlling the premises, but was not physically on the land. Ghirardelli was in constructive possession. This is sufficient to make him liable in ejectment. (*Noe* v. *Card*, 14 Cal. 609; *San Francisco* v. *Fulde*, 37 Cal. 354; *Gray* v. *Collins*, 42 Cal. 153; *Barry* v. *Sonoma County*, 43 Cal. 217.)

By the COURT:

The judgment below for the plaintiff raises an implication of facts proven in support of it. It must be presumed that the defendant was shown to be in possession of the premises at the commencement of the action. Though actual findings, or what are claimed to be such, appear in the record and be of themselves insufficient to support the judgment rendered, other findings will also be implied here in favor of the respondent, and this implication will embrace every fact involved in the issue not expressly found in favor of the appellant, or irreconcilable with some express finding appearing in the record.

This is an action of ejectment in which the so-called findings are as follows:

"I find that the plaintiff has proven a right of entry to the land in controversy in this action; that the defendant, Ghirardelli, at the commencement of the action, claimed to be in possession of it, and exercised acts of ownership over it, no one being in the actual occupation of it; that he made this claim and exercised these acts without right or title in himself and adversely to the plaintiff; therefore the plaintiff is entitled to judgment for the possession of the land and costs."

The appellant claims, and we think correctly, that it is not *expressly found* that he was in possession at the time the action was brought. But under the rule referred to, although the defendant was expressly found not to have been in *actual occupation* of the premises, we must presume that he was found to have had such possession of them as would support an action of ejectment against him.

Judgment affirmed.